IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                                                                                              **No. 24-CR-1608 KG**

**ROBERTO DUENAS-DELGADILLO,**

    **Defendant.**

## REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR VARIANCE AND SENTENCING REQUEST PURSUANT TO 18 U.S.C. § 3553(a)

      **COMES NOW, ROBERTO DUENAS-DELGADILLO (Mr. Duenas)**, by and through his attorney, Barbara A. Mandel, Assistant Federal Public Defender, and submits this Reply to Government's Response to his Motion for Variance and Sentencing Request. Mr. Duenas respectfully requests that the Court take into account the nature and circumstances of the offense and his efforts at rehabilitation and find that a sentence of 30 months satisfies all the goals of sentencing and that a guideline sentence, as suggested by the Government, is greater than necessary to meet those goals.

      The Government avers that the Court should impose a 57-month sentence due to Mr. Duenas's history and characteristics, which would reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, and protect the public, citing 18 U.S.C. § 3553(a).

      However, in coming to this conclusion and recommendation, the Government focuses only on Mr. Duenas's criminal history and that he returned to the U.S. quickly after his first

removal and reneged on his promise to Judge Guadarrama that he would not return again. Regarding Mr. Duenas' first return to the United States, he was sent to a country he had hardly ever known, and he was punished for that. Regarding the current return, the Government ignores and never mentions the horrific situation that caused Mr. Duenas to return. After being tortured and hung from a building, how many of us would remain in a country that tolerated such violence against us? Mr. Duenas did not immediately return after his deportation; he was actually building a life for himself in Mexico. Had the kidnaping not occurred, he would still be there. He had a good job and enjoyed a committed relationship with his girlfriend and her daughters.

 Regarding Mr. Duenas's criminal history, Mr. Duenas concedes that he had a problem with alcohol which led to the violent and inexcusable conduct for which he is genuinely remorseful for and sincerely regrets. However, he is not that same man, so the public does not have to be protected from him. His four-year sentence of incarceration in the Colorado Department of Corrections punished him for that conduct, and, as a sentence should, it helped to rehabilitate Mr. Duenas. As set forth in the Motion for Variance, he completed several classes focusing on anger management, domestic violence reduction, and cognition The one class he did not complete, Seven Habits, he completed in federal custody. He is also taking an anger management class, as well as completing a substance abuse class, while detained in this case. Finally, while in Mexico he participated in Alcoholics Anonymous and in-patient mental health treatment.

 A 30-month sentence is longer than Mr. Duenas's last sentence. Therefore, it will serve as both general and specific deterrence and promote respect for the law. A sentence any longer would not reflect the reason for Mr. Duenas's return or his rehabilitation.

WHEREFORE, Mr. Duenas respectfully requests that the Court grant the relief requested herein in his Motion and Sentencing Request.

.

        Respectfully submitted,

        FEDERAL PUBLIC DEFENDER
        506 S. Main, Suite 400
        Las Cruces, New Mexico 88001
        (575) 527-6930

        ***Electronically filed (May 27, 2025)***
        By: */s/ Barbara A. Mandel*
        BARBARA A. MANDEL
        Assistant Federal Public Defender